*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0585**

State of Minnesota
Respondent,

vs.

Anthony Alton Holloway,
Appellant.

**Filed April 1, 2024**
**Affirmed**
**Worke, Judge**

St. Louis County District Court
File No. 69DU-CR-22-629

Keith Ellison, Attorney General, Jacob Campion, Assistant Attorney General, St. Paul, Minnesota; and

Kimberly Maki, St. Louis County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Frisch, Presiding Judge; Worke, Judge; and Gaïtas, Judge.

**WORKE**, Judge

Appellant challenges his attempted-second-degree-murder and child-endangerment convictions, arguing that the district court abused its discretion when it admitted certain out-of-court statements. We affirm.

## FACTS

On March 2, 2022, police were dispatched to an apartment building to investigate a reported stabbing. Upon their arrival, police encountered a woman, later identified as K.F., lying on the hallway floor. Police saw that K.F. was bleeding heavily based on the quantity of blood "on her clothing, [and she] appeared to be stabbed multiple times." Paramedics arrived and began to treat K.F.'s wounds. K.F. had stab wounds to "her . . . [chest], on her back and on her hand."[1] It was later determined that K.F. was two months pregnant and that her partner, appellant Anthony Alton Holloway, was the father. Holloway and K.F. lived together in an apartment with two young children.[2]

One of the officers spoke to H.E., a resident who had called 911. H.E. was holding K.F.'s younger son (one year old). Police entered K.F.'s apartment; inside officers found Holloway and K.F.'s older son (eight years old).

A jury trial was held in November 2022. The state called K.F. as its witness. K.F. testified that, on the morning of March 2, 2022, she (1) was asleep in her bed with her

---

[1] According to the police report, "[K.F.] sustained thirteen to fifteen stab wounds to her chest, neck and back, including one that pierced her heart."

[2] Holloway is the father of K.F.'s then unborn daughter and her younger son.

younger son; (2) was taken to the hospital in an ambulance to treat injuries; and (3) received medical treatments while at the hospital, including stitches, an ultrasound, and surgery on her hand to reattach tendons in her finger. But when the prosecutor asked K.F. if she was able to testify about "what happened that caused those injuries," K.F. replied: "I don't want to talk about it." The state asked K.F. another question: "Did Mr. Holloway cause them?" K.F. replied that she "d[i]dn't want to talk about it." The state ended its direct examination. On redirect, the state asked K.F. why she left her apartment on the morning of March 2. K.F. replied: "Because I was bleeding."

The jury was excused for a brief recess for the district court to discuss an evidentiary issue with counsel. The state proposed additional evidence be admitted to supplement K.F.'s testimony under the residual hearsay exception of rule 807. The state intended to offer K.F.'s statements made to police at the hospital. Holloway's counsel argued that the proposed evidence did not qualify under the exception and should be excluded. The district court determined that "given [its] discretion over admission of evidence and application of the totality of the circumstances in this case, I do find that the requirements for Rule 807, including the notice requirement, have been met in this case" and it allowed the state to present its evidence under the residual exception. The state then offered witness testimony, still photos, and body-camera footage.

The jury found Holloway guilty of second-degree attempted murder and child endangerment. The district court imposed a sentence of 240 months in prison. This appeal followed.

3

**DECISION**

Holloway contends that the district court abused its discretion when it admitted K.F.'s out-of-court statements to police. He argues that the state failed to use reasonable efforts during K.F.'s testimony "to procure the most probative evidence of what" transpired on the morning of March 2, 2022.

"Evidentiary rulings rest within the sound discretion of the district court, and [appellate courts] will not reverse an evidentiary ruling absent a clear abuse of discretion." *State v. Ali*, 855 N.W.2d 235, 249 (Minn. 2014). "A district court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Guzman*, 892 N.W.2d 801, 810 (Minn. 2017).

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Minn. R. Evid. 801(c). Generally, hearsay is inadmissible, unless an exception applies. Minn. R. Evid. 802. The residual exception allows the admission of a hearsay statement "not specifically covered by rule[s] 803 or 804 but having equivalent circumstantial guarantees of trustworthiness." Minn. R. Evid. 807.

"A determination that a statement meets the foundational requirements of a hearsay exception is reviewed for an abuse of discretion." *Holt v. State*, 772 N.W.2d 470, 483 (Minn. 2009). "When deciding whether to admit hearsay evidence under Rule 807, the first consideration is whether the proffered statement has circumstantial guarantees of trustworthiness." *State v. Vangrevenhof*, 941 N.W.2d 730, 736 (Minn. 2020).

Second, the district court must determine whether the three enumerated requirements of rule 807 are met. *State v. Hallmark*, 927 N.W.2d 281, 293 (Minn. 2019). Rule 807 requires that (1) "the statement is offered as evidence of a material fact," (2) "the statement is more probative on the point for which it is offered than any other evidence" procurable "through reasonable efforts" by the proponent, and (3) the general purpose behind the Minnesota Rules of Evidence and the interests of justice are served by the admission of the statement into evidence. Minn. R. Evid. 807.

Holloway contends that the state failed to use "reasonable efforts" in questioning K.F. about the facts surrounding her injuries, therefore the requirements of rule 807 were not satisfied. We disagree.

K.F.'s recorded out-of-court statements—one recorded soon after the incident during a police interview and the second recorded at the hospital by an investigator the following day—have the requisite guarantees of trustworthiness generally considered by the district court when admitting evidence at trial.

> We have held that the district court does not abuse its discretion by admitting the statement as trustworthy when (1) there is no Confrontation Clause issue because the declarant testifies, admits to making the prior statement, and is available for cross-examination by the defense counsel; (2) the statement is recorded, removing any real dispute about what the declarant said; (3) the statement is against the declarant's penal interest; and (4) the statement is consistent with the State's other evidence that pointed strongly toward the defendant's guilt.

*Hallmark*, 927 N.W.2d at 293 (quotation omitted). Generally, the penal-interest factor can be satisfied when the declarant's statements are against her social interest in maintaining her relationship with the defendant. *See State v. Whiteside*, 400 N.W.2d 140, 146 (Minn.

App. 1987) (concluding statement by defendant's girlfriend implicating defendant was against her penal interests), *rev. denied* (Minn. Mar. 18, 1987).

Here, K.F. testified and was cross-examined, her out-of-court statements were recorded, the statements are against K.F.'s social interest in maintaining her relationship with Holloway, and the statements are consistent with the state's theory of the case. *Id.*; *see also State v. Plantin*, 682 N.W.2d 653, 659 (Minn. App. 2004) (admitting under prior residual hearsay rule statement made by victim who later recanted; victim admitted to making statement, testified at trial, and made statement consistent with evidence of defendant's guilt), *rev. denied* (Minn. Sept. 29, 2004). Further, the specific requirements of rule 807 have been met: (1) K.F.'s statements included material facts because they addressed the essential elements of Holloway's murder attempt; and (2) admission of the statements otherwise furthers the purpose of the rules and the interests of justice. Therefore, the district court did not abuse its discretion when it admitted certain hearsay statements under the residual exception.

**Affirmed.**